IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC ROGERS,

                Plaintiff,

v.                                            OPINION and ORDER

INTEGRATED PROCESS ENGINEERS                    23-cv-70-jdp
AND CONSTRUCTORS, INC.,

                Defendant.

---

Plaintiff Eric Rogers was a welder for defendant Integrated Process Engineers and Constructors, Inc. (IPEC). Rogers alleges that IPEC failed to accommodate his anxiety and depression, harassed him because of those conditions, interfered with his medical leave, and retaliated against him for taking medical leave, which culminated in Rogers's constructive discharge. He asserts claims under both the Americans with Disabilities Act (ADA) and the Family and Medical Leave Act (FMLA).

IPEC moves to dismiss Rogers's claim under the ADA for constructive discharge, contending that Rogers did not exhaust his administrative remedies for that claim. Dkt. 6. The court will grant the motion to dismiss because Rogers did not satisfy the exhaustion requirements under the ADA. Specifically, he did not file a charge about his constructive discharge, and the charge he did file is not reasonably related to that claim under this court's decision in *Jorenby v. Datex-Ohmeda, Inc.*, No. 01-C-699-C, 2002 WL 1859915 (W.D. Wis. July 16, 2002).

ANALYSIS

Before filing an ADA claim in federal court, a plaintiff must first file an administrative charge on that claim. *Riley v. City of Kokomo*, 909 F.3d 182, 189 (7th Cir. 2018). IPEC contends that Rogers didn't file a charge related to his constructive discharge claim, so that claim must be dismissed.

A failure to exhaust is an affirmative defense, *see Salas v. Wisconsin Dep't of Corr.*, 493 F.3d 913, 922 (7th Cir. 2007), so it normally is not resolved on a motion to dismiss, *see Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). But there would be no point in deferring the issue because the parties agree on the facts, that is, they agree that Rogers filed only one charge related to his ADA claims, and they agree on what that charge says. The dispute is a legal one, which is whether the charge is broad enough to encompass the constructive discharge claim. *See Moore v. Vital Products, Inc.*, 641 F.3d 253, 256–57 (7th Cir. 2011) (scope of charge is a question of law).

IPEC filed the charge with its motion to dismiss, Dkt. 8-1, and the court may take judicial notice of the charge because it is a public record and Rogers doesn't dispute its authenticity. *See Olson v. Champaign County, Illinois*, 784 F.3d 1093, 1097 n.1 (7th Cir. 2015). In the charge, Rogers alleged that he had "been subjected to a pattern of harassment and scrutiny" at work after he requested medical leave for his anxiety and depression. Rogers described what he called harassment, including requiring him to provide a doctor's note for his absences, calling him repeatedly, asking him irrelevant questions about his symptoms, and accusing him of misusing his leave. Rogers filed the charge three months before he quit his job, and the charge does not say anything about the possibility that he would leave the company.

To satisfy the ADA's exhaustion requirement, the claim asserted in federal court must be "like or reasonably related to" the claim asserted in the charge, which means that the claim asserted in federal court must "describe the same conduct and implicate the same individuals as those in the charge." *Ford v. Marion Cty. Sheriff's Office*, 942 F.3d 839, 857 n.11 (7th Cir. 2019).[1] In *Jorenby v. Datex-Ohmeda, Inc.*, this court held that a claim for constructive discharge was not like or reasonably related to a harassment claim. No. 01-C-699-C, 2002 WL 1859915, at *9 (W.D. Wis. July 16, 2002). The court reasoned as follows:

> Nowhere in the charge is it mentioned that plaintiff's employment with defendant had ended, let alone ended as a result of a constructive discharge. In fact, plaintiff herself indicated on the ERD complaint form that the harassment was "continuing at present." There is nothing in the ERD charge to indicate that plaintiff might be forced to terminate her employment with defendant under the circumstances. Moreover, defendant could have reasonably concluded that plaintiff was unlikely to resign given the significant amount of time plaintiff had tolerated the alleged harassment without suggesting a need to resign.

*Id.*

Rogers cites no authority that has undermined *Jorenby* since it was decided. Rather, more recent cases from the Court of Appeals for the Seventh Circuit support the conclusion that a claim involving the termination of the plaintiff's employment must refer to the termination in the charge. For example, in *Moore*, the court concluded that a claim for a discriminatory termination was not reasonably related to allegations in the charge that the plaintiff had been subjected to a hostile work environment, reasoning that the charge did not mention

---

[1] Some cases say that there is a second requirement, which is that the claim asserted in federal court must "grow out of" the allegations in the charge. *See, e.g.*, *Chaidez v. Ford Motor Company*, 937 F.3d 998, 1004 (7th Cir. 2019). The court need not consider that issue because the court is resolving the motion on other grounds.

3

termination, so the plaintiff's claim was not based on the same conduct as the charge. 641 F.3d at 256–57. The court of appeals has similarly held in other cases that the charge must discuss the adverse employment action that is the basis for the claim the plaintiff is asserting in federal court. *See Teal v. Potter*, 559 F.3d 687, 692–93 (7th Cir. 2009) (charge challenging first termination was not reasonably related to claim challenging the plaintiff's second termination after reinstatement); *Conner v. Illinois Dept. of Natural Resources*, 413 F.3d 675, 677–78 (7th Cir. 2005) (allegation of racial discrimination based on 2001 non-promotion not like or reasonably related to claim based on 2002 non-promotion).

Rogers does not challenge the result or reasoning in *Jorenby*. Instead, he says that *Jorenby* is distinguishable because his charge provided notice that he might resign. He points out that he had been working for IPEC for a year whereas Jorenby had been working for her employer for seven years, so it is less surprising that he would quit. He also says that he provided notice that he would quit because he alleged in the charge that IPEC's conduct exacerbated his mental health symptoms to the point that he had an anxiety attack.

Rogers's arguments are not persuasive. As an initial matter, Rogers misstates the length of his employment with IPEC. His complaint alleges that he was hired in January 2019, Dkt. 1, ¶ 13, and he filed his charge in February 2021, Dkt. 8-1, at 2, so he had been employed by IPEC more than two years at the time. Regardless, the length of time he had been employed by IPEC is not important. The point in *Jorenby* was that the plaintiff had not given any indication in her charge that she was about to quit. It is the same in this case. Rogers said nothing in his charge about quitting or even thinking about quitting. It is true that he discussed the effect of the alleged harassment on him, but that would also be true in almost any charge involving harassment. As noted in *Jorenby*, the standard for constructive discharge requires

4

"even more egregious [working conditions] than the high standard for hostile work environment." *Jorenby*, 2002 WL 1859915, at *9 (quoting *Tutman v. WBBM TV, Inc.*, 209 F.3d 1044, 1050 (7th Cir. 2000)). So allegations of harassment do not imply that constructive discharge is likely.

The bottom line is that the reasoning of *Jorenby* requires dismissal of Rogers's constructive discharge claim, and Rogers offers no grounds for rejecting that reasoning in this case. The court will grant the motion to dismiss.

ORDER

IT IS ORDERED that defendant Integrated Process Engineers and Constructor Inc.'s motion to dismiss, Dkt. 6, is GRANTED, and plaintiff Eric Rogers's constructive discharge claim is DISMISSED without prejudice for Rogers's failure to exhaust his administrative remedies. The case will proceed on Rogers's other claims.

Entered January 22, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge